IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GRACE HANCOCK,

       Plaintiff,

v.                                                                                                  CV 15-399 WPL/GBW

LIBERTY LIFE ASSURANCE COMPANY OF
BOSTON,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Grace Hancock brought claims for relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1), (a)(3). (Doc. 3.) Liberty Life Assurance Company of Boston ("Liberty") filed a Motion to Partially Dismiss Plaintiff's Complaint (Doc. 12), seeking dismissal of Hancock's claims under § 1132(a)(3) pursuant to Federal Rule of Civil Procedure 12(b)(6). Hancock filed a response (Doc. 19), and Liberty filed a reply (Doc. 21). Upon review of the briefing, the record, and the relevant law, I deny Liberty's motion to dismiss.

**STANDARD OF REVIEW**

Rule 12(b)(6) authorizes a court to dismiss a complaint in whole or in part for failing to state a claim upon which relief is available. Without weighing the evidence, the court must evaluate whether it is plausible, and not merely possible, that the plaintiff is entitled to relief under the relevant law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations and alterations omitted). In considering Rule 12(b)(6) motions, courts must look within the four corners of the complaint, accept all well-pleaded factual allegations as true, and determine if the plaintiff is plausibly entitled to relief. *Id.* at 678-79 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

While the complaint need not include "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The factual allegations must also suffice to "inform the defendants of the actual grounds of the claim against them," with the degree of specificity required depending on the nature of the complaint. *Robbins*, 519 F.3d at 1248.

### FACTUAL AND PROCEDURAL BACKGROUND

Hancock became disabled on December 4, 2012, due to lumbar and cervical spondylosis, degenerative disc disease, osteoporosis, fibromyalgia, interstitial cystitis, anxiety, and depression. She began receiving long-term disability ("LTD") benefits from Liberty on May 6, 2013, through a Group Disability Income Plan policy ("the Policy") issued to Hancock's former employer, Haverty Furniture Companies, Inc. Liberty terminated Hancock's benefits on June 24, 2014, and Hancock's counsel appealed the termination of benefits on November 14, 2014.

On November 21, 2014, Liberty acknowledged by letter that it had received Hancock's appeal and included that "you will be notified of the final decision within 45 days of the date that your request for review is received. If there are special circumstances requiring delay, you will be notified of the final decision within 90 days after your request for review is received." (Doc. 3 at 12.) The claim was referred to Liberty's appeal unit on November 22, 2014. After sixty days, on January 21, 2015, Liberty's system notes showed a referral to a "consultant physician for

claim consult—meeting attendance only." (*Id.*) On January 22, 2015, Liberty ordered twenty-four hours of surreptitious surveillance of Hancock.[1] That same day, a Liberty appeal review consultant wrote to Hancock's counsel that "[p]ursuant to ERISA regulations, additional time for a final decision may exceed 90 days to the extent that the time frame is tolled wh[ile] Liberty is awaiting receipt of requested document needed to fully evaluate your claim. Tolled: accumulation of time is suspended." (*Id.* at 13.) Further, the consultant wrote that, "with an extension of time, an appeal determination must be rendered within 90 days," that additional time was needed to render a decision, and that the appeals board needed all of Hancock's pharmacy records from September 1, 2013, to the present in order to complete the appeal. (*Id.*)

Hancock's home was surveilled on February 2, 3, and 4, 2015, but she did not appear any of those days. Hancock's counsel provided Liberty with Hancock's pharmacy records on February 3, 2015. On February 17, 2015, Gale Brown, Jr., M.D., concluded that Hancock could perform sedentary work. On March 5, 2015, William Stringer, M.D., also concluded that Hancock could perform sedentary work. Liberty denied Hancock's appeal on March 25, 2015.

Hancock contends that Dr. Brown is not an independent doctor, but rather has worked for Liberty for years full-time or nearly full-time. Further, Hancock asserts that Dr. Brown was last involved in direct patient care in 2002, would not consider the disabling effects of pain because pain is a subjective experience, and had a record of mischaracterizing or misrepresenting medical facts. Hancock states that Dr. Stringer's report is "materially false." (*Id.* at 15.)

Hancock asserts that regulations provide that a plan benefits determination must be made within forty-five days of receipt of the claim request or the policy provider must provide notice to the claimant of an extension of no more than forty-five days during the initial forty-five day

---

[1] Liberty previously conducted surreptitious surveillance in April 2014.

period. Hancock contends that Liberty denied her a full and fair review of her claim for benefits because Liberty failed to have claims procedures containing administrative processes and safeguards, did not provide a description of the additional information necessary to perfect her claim upon termination of benefits, did not consider comments and documents submitted in support of her appeal, did not decide her appeal in the time required by regulation and instead provided false and fraudulent reasons to extend the appeal time, and solicited and relied upon false and fraudulent evidence from Drs. Brown and Stringer to deny the appeal. In sum, Hancock states that Liberty's "termination of [Hancock's] LTD benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of The Policy." (*Id.* at 22.)

Hancock brings three specific claims for relief under ERISA, that: 1) Hancock is entitled to a declaratory judgment that Liberty must pay LTD benefits under the Policy and must provide payments retroactive to the date her benefits were terminated under § 1132(a)(1); 2) if the Court does not find that Hancock is entitled to benefits, including retroactive pay, that the Court should remand this case to the claim administrator for a full and fair review; and 3) Liberty breached its fiduciary duties to Hancock, who is entitled to appropriate equitable relief under §1132(a)(3), including that the administrative record be deemed closed as of January 21, 2015; that Drs. Brown and Stringer's reports be disregarded; that Liberty's March 25, 2015, appeal decision be disregarded; and that if Hancock's benefits are not reinstated pursuant to the first claim, that Liberty be ordered to disgorge unjust enrichment in the amount of the benefits Hancock would receive from the date of termination until she reaches the age of sixty-six years and ten months.

## DISCUSSION

Section 1132(a)(1)(B) provides that "[a] civil action may be brought by a participant or beneficiary to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights

under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." Section 1132(a)(3) states that

> [a] civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

Liberty argues that I should dismiss Hancock's § 1132(a)(3) breach of fiduciary duty claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Liberty contends that Hancock is precluded from pursuing a claim under § 1132(a)(3) in light of her claim for recovery of benefits under § 1132(a)(1). Liberty cites *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996), for the proposition that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief." Liberty also cites an unpublished Tenth Circuit opinion and two district court decisions from within the Tenth Circuit for the premise that a claimant may not seek equitable relief under § 1132(a)(3) if recovery is available under § 1132(a)(1), regardless of whether the claimant will prevail on the § 1132(a)(1) claim. *Moore v. Berg Enters., Inc.*, 201 F.3d 448 (10th Cir. 1999) (unpublished table decision); *Swearingen v. Honeywell, Inc.*, 189 F. Supp. 2d 1189 (D. Kan. 2002); *Lefler v. United HealthCare of Utah, Inc.*, 162 F. Supp. 2d 1310 (D. Utah 2001).

Hancock argues that the unpublished Tenth Circuit and district court decisions are no longer good law and are not binding on this Court. First, Hancock cites two published Tenth Circuit decisions for the proposition that an ERISA claimant may simultaneously seek complimentary or alternative § 1132(a)(1) and § 1132(a)(3) remedies. *Phelan v. Wyo. Associated*

---

[2] While Hancock revealed in her response that she believed that Liberty was also seeking dismissal of her claim for remand, Liberty makes clear in its reply that it only seeks dismissal at this time of Hancock's breach of fiduciary duty claim.

5

*Builders*, 574 F.3d 1250 (10th Cir. 2009); *Weber v. GE Grp. Life Assurance Co.*, 541 F.3d 1002 (10th Cir. 2008). Hancock also asserts that the decision in *CIGNA Corp. v. Amara*, 563 U.S. 421, 131 S. Ct. 1866 (2011), led to a trend of circuit and district court decisions allowing a claimant to plead relief under both § 1132(a)(1) and § 1132(a)(3). *Stiso v. Int'l Steel Grp.*, 604 F. App'x 494 (6th Cir. 2015) (unpublished); *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711 (8th Cir. 2014); *Jensen v. Solvay Chems., Inc.*, 721 F.3d 1180 (10th Cir. 2013); *Bush v. Liberty Life Assurance Co.*, -- F. Supp. 3d --, 2015 WL 54418 (N.D. Cal. Jan. 2, 2015); *Zisk v. Gannett Co. Income Prot. Plan*, 73 F. Supp. 3d 1115 (N.D. Cal. 2014). Hancock argues that she may seek § 1132(a)(1) and § 1132(a)(3) remedies as complimentary or alternative remedies, though she cannot recover twice for the same injury. Hancock further posits that after *Amara*, equitable relief may come in the form of a surcharge money payment. (Doc. 19 at 10 (citing *Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869 (7th Cir. 2013); *Amara*, 131 S. Ct. at 1880-82; *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448 (5th Cir. 2013); *McCravy v. Metro. Life Ins. Co.*, 690 F.3d 176 (4th Cir. 2012)).) Hancock states that her case involves both a regulatory violation for not deciding the appeal in forty-five days and a breach of fiduciary duty for lying to "restart the clock" and for soliciting false evidence to deny the appeal.

Liberty counters that Hancock's equitable claim for breach of fiduciary duty is precluded because it is based on the same facts as her § 1132(a)(1) claim. Further, Liberty asserts that *Amara* "did not contradict *Varity* and hold, as [Hancock] now wishes it had, that [(a)(1) and (a)(3)] claims could be pursued simultaneously when (a)(1)(B) does provide an adequate remedy." (Doc. 21 at 4.) Liberty, citing two district court decisions, argues that *Amara* discussed the nature of remedies, but neither referenced nor contradicted *Varity*. *Horne v. J.C. Penney Corp.*, Civil Action No. 14cv2383, 2014 WL 6060434 (W.D. La. Nov. 12, 2014) (unpublished);

*Beckham v. Liberty Life Assurance Co. of Boston*, 4 F. Supp. 3d 1266 (M.D. Ala. 2014). Liberty also points out that *Phelan*, cited by Hancock, only involved a § 1132(a)(3) claim, not a § 1132(a)(1) claim, so Hancock cannot make the argument that this case supported the proposition that § 1132(a)(1) and (a)(3) claims may be brought simultaneously. 574 F.3d 1250. Liberty reiterates that "to the extent that [Hancock] is attempting to masquerade a denial of benefits claim under § 1132(a)(1)(B) as a breach of fiduciary duty claim for equitable relief under § 1132(a)(3), this masquerade is not permissible under *Varity*." (Doc. 21 at 5-6.)

In *Varity*, the Court found that § 1132(a)(3) provided a remedy for individual ERISA plan beneficiaries to sue for a plan administrator's breach of fiduciary duties. 516 U.S. at 515. The Court noted that § 1132(a)(3) "authorizes *'appropriate'* equitable relief." 516 U.S. at 515 (emphasis in original). The Court stated that "we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id.*

In *Amara*, the Court found that § 1132(a)(3), not (a)(1), permitted the Court to change the terms of a benefits plan that was altered without proper notice. 131 S. Ct. at 1876-80. The Court named three possible kinds of remedies that fall within the scope of "appropriate equitable relief" under § 1132(a)(3): reformation, estoppel, and surcharge. *Id.* at 1879-80. "[T]he fact that [a surcharge] takes the form of a money payment does not remove it from the category of traditionally equitable relief." *Id.* at 1880. Further, "[e]quity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Id.*

Liberty points to unpublished Tenth Circuit and district court cases decided prior to *Amara* to suggest that Hancock's § 1132(a)(3) claim for breach of fiduciary duty is precluded.

7

First, a footnote in *Moore* states that the claimant could not bring a claim under § 1132(a)(3) because "[§] 1132(a)(1)(B) expressly provides for the recovery of benefits and thus, provides adequate relief. . . . [The claimant] is not entitled to repackage [her] denial of benefits claim as a claim for breach of fiduciary duty and seek relief under section 1132(a)(3)." 201 F.3d at *2 n.2 (quotation and alteration omitted). A district court, citing *Moore*, came to the same conclusion in *Swearingen*, 189 F. Supp. 2d at 1197-98. Finally, in *Lefler*, another district court found that, "because plaintiffs had the right to pursue their viable claim under Section 1132(a)(1)(B), regardless of the outcome, plaintiffs may not maintain their claims for breach of fiduciary duties under Section 1132(a)(3)." 162 F. Supp. 2d at 1325.

Prior to *Amara*, the Tenth Circuit affirmed a district court's decision to award benefits under § 1132(a)(1) as well as prejudgment interest under § 1132(a)(3). *Weber*, 541 F.3d at 1016. However, Liberty is correct in pointing out that *Phelan*, also cited by Hancock, only involved a § 1132(a)(3) claim for relief, based on reinstatement in a benefits plan, not a claim under § 1132(a)(1). 574 F.3d 1250.

Since *Amara*, several courts have expanded their interpretations of the availability of equitable relief pursuant to § 1132(a)(3). In *Silva*, the Eighth Circuit stated that "the Supreme Court's decision in *Amara* changed the legal landscape by clearly spelling out the possibility of an equitable remedy under ERISA for breaches of fiduciary obligations by plan administrators." 762 F.3d at 722. The claimant in *Silva* brought claims for relief under both § 1132(a)(1) and (a)(3) after he sought benefits under his son's life insurance policy, and the provider informed him that the father did not actually have a policy. *Id.* at 713, 716-17. The court determined that Silva's "request for make-whole, monetary relief" was appropriate under § 1132(a)(3). *Id.* at 724. Further, the court stated that it did "not read *Varity* . . . to stand for the proposition that [a

claimant] may only plead one cause of action to seek recovery." *Id.* at 726. Instead, the court concluded that *Varity* "prohibit[s] duplicate *recoveries* when a more specific section of the statute, such as § 1132(a)(1)(B), provides a remedy similar to what the plaintiff seeks under the equitable catchall provision, § 1132(a)(3)." *Id.* (emphasis in original). That is, "*Varity* does not limit the number of ways a party can initially seek relief at the motion to dismiss stage." *Id.* at 726. The court also noted that the Supreme Court did not bar plaintiff's § 1132(a)(3) claim in *Amara* in the presence of a § 1132(a)(1) claim. *Id.* at 727. The court pointed out that at the motion to dismiss stage—as opposed to summary judgment—it is difficult for the court to determine if claims are "duplicative, rather than alternative, and [whether] one or both could provide adequate relief." *Id.* at 727. "[R]equiring the plaintiff to pursue [the § 1132(a)(1)] path may foreclose the plaintiff from bringing a better case pursuant to § 1132(a)(3)." *Id.* Finally, the court stated that "similarity in the form of the remedy sought does not alter our view that [the claimant] should have the opportunity to plead and argue both claims." *Id.* at 728 n.12.

In *Stiso*, the plaintiff brought claims under both § 1132(a)(1) and (a)(3) to enforce a cost-of-living increase to his ERISA benefits as outlined in his plan summary. 604 F. App'x at 495. The Sixth Circuit found that, while a plan participant could not recover under both provisions for the same injury, Stiso could recover under § 1132(a)(3) for the defendants' breach of fiduciary duty in failing to provide an accurate summary plan to those insured. *Id.* at 500 n.4. The Sixth Circuit has also stated that

> [a] claimant can pursue a breach-of-fiduciary-duty claim under § [1132](a)(3), irrespective of the degree of success obtained on the claim for recovery of benefits under § [1132](a)(1)(B), only where the breach of fiduciary duty claim is based on an *injury* separate and distinct from the denial of benefits or where the remedy afforded by Congress under § [1132](a)(1)(B) is otherwise shown to be inadequate.

*Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 372 (6th Cir. 2015) (emphasis in original).

The Northern District of California has found that a claimant may bring claims under both § 1132(a)(1) and (a)(3), "particularly at the pleading stage . . . [and] where the relief sought in connection with each claim is distinct." *Zisk*, 73 F. Supp. 3d at 1118. In another case, the court stated that, "[a]t the pleading stage, a plaintiff may assert section (a)(1)(B) and (a)(3) claims in the alternative if they are premised upon different theories of liability and plaintiff seeks alternative remedies." *Bush*, 2015 WL 54418, at *6.

The Tenth Circuit has not ruled on the impact of *Amara* on the ability of an ERISA claimant to bring both § 1132(a)(1) and (a)(3) claims. Hancock's citation to *Jensen* is inapposite because *Jensen* deals solely with the availability of equitable relief and does not involve a § 1132(a)(1) claim. 721 F.3d 1180. Liberty does not even attempt to discuss or distinguish *Silva*, *Stiso*, or *Bush* in its reply.

In the instant case, Hancock requests, under § 1132(a)(1), a declaration that Liberty must pay LTD benefits pursuant to the Policy, retroactive to the day her benefits were terminated. In contrast, with respect to § 1132(a)(3), Hancock seeks certain injunctive relief, including the exclusion of particular reports, a closure date for her claim record, and an equitable surcharge to the extent that her benefits are not otherwise reinstated. Whether Hancock is entitled to reinstatement of benefits may depend on the application of equitable relief such that the proper time period and scope of the record may be assessed. In addition, Hancock recognizes that any equitable surcharge would be limited to the extent her benefits are not otherwise reinstated under § 1132(a)(1). At the pleading stage, it is not clear in this case whether § 1132(a)(1) could provide adequate relief, where applicable. *See Silva*, 762 F.3d at 727; *Moore*, 201 F.3d at *2 n.2. Liberty's citation to *Beckham* and *Horne*, district court cases from the Eleventh and Fifth Circuits, respectively, which focus on whether § 1132(a)(1) provides an adequate remedy that

precludes a claim under § 1132(a)(3), do not alter my conclusion here that certain equitable relief may be required to facilitate any justified reinstatement of benefits. *Beckham*, 4 F. Supp. 3d 1266; *Horne*, 2014 WL 6060434. Instead, I concur with the Eighth Circuit's approach that, at the pleading stage, it is preferable to allow alternative pleading where it is not apparent that adequate recovery exists under § 1132(a)(1), and instead decline duplicative relief as necessary later in the case.

## CONCLUSION

In accordance with the reasoning provided in this Memorandum Opinion and Order, Liberty's Motion to Partially Dismiss Plaintiff's Complaint is hereby DENIED.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.